# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANTHONY M. BUSH, JR. (PRO SE),   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No.: 4:14-cv-00691-HFS |
| ) | |
| NCO FINANCIAL SYSTEMS, INC.,   ) | |
| ) | |
| Defendant.   ) | |

## NCO FINANCIAL SYSTEMS, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, NCO Financial Systems, Inc. ("NCO"), by and through undersigned counsel, and hereby submits its Answers and Affirmative Defenses to Plaintiff's Verified Complaint for Damages, and states as follows:

### INTRODUCTION

1. NCO admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681p et. al. ("FCRA") and the Missouri Merchandising Practices Act §§ 407.020 and 570.223 R.S.Mo. ("MMPA"), but denies any and all liability, damages, and wrongdoing under the law. Except as specifically admitted, NCO denies the allegations in ¶ 1.

### I.    THE PARTIES

2. NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 2, which has the effect of a denial.

3. NCO admits that it is a Pennsylvania corporation, with a principal place of business in Pennsylvania at 507 Prudential Road, Horsham, PA 10944. Answering further, NCO admits that when it acts as a debt collector as defined by 15 U.S.C. §1692a(6), its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, NCO denies the allegations contained in ¶ 3.

## II. JURISDICTION AND VENUE

4. NCO admits only that venue and jurisdiction are proper in this district. Except as specifically admitted, NCO denies the allegations contained in ¶ 4.

## III. FACTUAL ALLEGATIONS

5. NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 5, which has the effect of a denial.

6. Paragraph 6 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 6, which has the effect of a denial.

## IV. CAUSES OF ACTION

(DEFENDANT)

7. NCO incorporates and re-alleges its answers to paragraphs 1-6, as if fully set forth fully herein.

8. Paragraph 8 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in ¶ 8, which has the effect of a denial.

9. Paragraph 9 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO denies the allegations contained in ¶ 9 as stated, and specifically denies that it reported the accounts that are the subject of this Lawsuit and specifically denies that it was a credit furnisher of information regarding the accounts that are the subject of this Lawsuit.

10. Paragraph 10 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO submits that 15 USC §1681 is the best evidence of its content. Answering further, NCO denies that Plaintiff has adequately pled any violations under §1681 and denies that NCO committed any wrongdoing under the law.

11. Paragraph 11 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO denies the allegations contained in ¶ 11 as stated, denies that Plaintiff has adequately pled any violations under §1681 and denies that NCO committed any wrongdoing under the law.

12. Paragraph 12 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 12 as stated, denies that Plaintiff has adequately pled any violations under §1681 and denies that NCO committed any wrongdoing under the law.

13. Paragraph 13 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO denies the allegations contained in

¶ 13 as stated, denies that Plaintiff has adequately pled any violations under §1681 and denies that NCO committed any wrongdoing under the law.

14. NCO denies the allegations contained in ¶ 14.

15. NCO denies the allegations contained in ¶ 15.

16. Paragraph 16 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 16 as stated, denies that Plaintiff has adequately pled any violations under R.S.Mo. § 407.010(1) and denies that NCO committed any wrongdoing under the law.

17. NCO denies the allegations contained in ¶ 17.

18. Paragraph 18 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 18 as stated, denies that Plaintiff has adequately pled any violations under §1681 and denies that NCO committed any wrongdoing under the law.

19. Paragraph 19 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 19 as stated, denies that Plaintiff has adequately pled any violations under §1691 and denies that NCO committed any wrongdoing under the law.

20. NCO denies the allegations contained in ¶ 20.

21. NCO denies the allegations contained in ¶ 21.

22. Paragraph 22 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 22 as

stated, denies that Plaintiff has adequately pled any violations under R.S.Mo. § 407.223 and 15 U.S.C. § 1681 and denies that NCO committed any wrongdoing under the law.

23. NCO denies the allegations contained in ¶ 23.

24. Paragraph 24 contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, denies the allegations contained in ¶ 24 as stated, denies that Plaintiff has adequately pled any violations under R.S.Mo. § 407.570 and denies that NCO committed any wrongdoing under the law.

25. NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 25, which has the effect of a denial.

26. NCO denies the allegations contained in ¶ 26.

27. NCO denies the allegations contained in ¶ 27.

28. NCO denies the allegations contained in ¶ 28.

AND NOW, in further Answer to Plaintiff's Amended Complaint, Defendant NCO Financial Systems, Inc. avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1681b, NCO had a permissible purpose to obtain Plaintiff's consumer report.

### THIRD AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

### *FIFTH* AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint was not timely.

WHEREFORE, Defendant, NCO Financial Systems, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, that Plaintiff be ordered to pay reasonable attorney's fees and costs, and for all other general and equitable relief.

Dated: October 15, 2014

        Respectfully submitted,

        */s/ Paul M. Croker*
        Paul M. Croker   #21627
        Wallace Saunders
        10111 W. 87th Street
        Overland Park, Kansas  66212
        Telephone: (913) 752-5567
        Facsimile: (913) 888-1065
        pcroker@wallacesaunders.com

        Attorney for Defendant, NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2014, a copy of the foregoing **NCO Financial Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's Amended Complaint** was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system. A copy will also be sent by U.S. Mail to:

    Anthony M. Bush, Jr.
    4600 North Highland Road
    Kansas City, MO  64116
    Plaintiff, *pro se*

    */s/  Paul M. Croker*
    Paul M. Croker
    Attorney for Defendant,
    NCO Financial Systems, Inc.